**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CHARLES LAMONT BRITT | : | |
|     Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:17-cv-2158 (JCH) |
| v. | : | |
| | : | |
| UNKNOWN OFFICERS, et al. | : | JUNE 29, 2018 |
|     Defendants. | : | |
| | : | |

**RULING RE: SECOND AMENDED COMPLAINT (Doc. No. 16)**

On December 27, 2017, the plaintiff, Charles Lamont Britt ("Britt"), an inmate currently housed at the Carl Robinson Correctional Institution in Enfield, Connecticut, filed a complaint pro se pursuant to title 42, sections 1983, 1985, and 1986 of the United States Code against several unidentified New Haven police officers and an unidentified cooperating witness for violating his Fourth Amendment protections against unreasonable searches and malicious prosecution. Compl. (Doc. No. 1). He sought damages and injunctive relief in the form of criminal prosecution against the defendants.

On May 4, 2018, this court issued its Initial Review Order permitting Britt's Fourth Amendment unreasonable search claim to proceed against the New Haven police officers pending their proper identification. Initial Review Order (Doc. No. 14) at 9-10. The court dismissed the malicious prosecution claim and the claim against the cooperating witness. Id. at 5-7. At the conclusion of the order, the court instructed Britt to file a notice indicating the first and last name of each police officer whom he is suing by June 30, 2018 in order to effect service. Id. at 10.

Britt filed an Amended Complaint (Doc. No. 15) on June 14, 2018, and a second

amended complaint (Doc. No. 16)[1] on June 21, 2018 identifying the New Haven police officers as Officer Gary C. Monk, Officer Christian J. Bruckhart, Detective Micheal F. Criscoulo, Sergeant Derek L. Wener, and Nicholas W. Katz.[2]  2d Am. Compl. (Doc. No. 16) at 3-4.  Through his second amended complaint, Britt also reasserts his claim against the cooperating witness, whom he now has identified as John Pettigrew, and his malicious prosecution claim.  Id. at 4, 9-10.  He also seeks to add claims for injunctive relief against the officers in their official capacities.  Id. at 14.  In the interest of justice, the court will review the newly asserted claims and order service on the named New Haven police officers in their individual capacities.

I. Standard of Review

Pursuant to 28 U.S.C. § 1915A, this court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice

---

[1] All of the factual allegations in the amended complaint and second amended complaint are the same.  In the amended complaint, however, Britt sought damages, declaratory relief, and injunctive relief in the form of criminal prosecution of the officers.  Am. Compl. at 13-14.  He withdrew his claim for declaratory relief in the second amended complaint and added more claims for injunctive relief against the officers.  2d Am. Compl. at 13-14.

[2] Britt asserts in his second amended complaint that Katz is no longer a member of the New Haven Police Department.  Thus, the court will request assistance from the city of New Haven in serving this defendant.

2

of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic, 550 U.S. at 570.  Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

  II.  Factual Allegations in Second Amended Complaint

On October 7, 2015, the Narcotics Enforcement Unit of the New Haven Police Department ("NHPD") developed a plan for a cooperating witness to make a controlled purchase of narcotics at Britt's apartment in New Haven.  2d Am. Compl. at ¶ 1.  The officers alleged that Britt's apartment was the "target of an ongoing investigation."  Id. at ¶ 2.  However, there have never been any narcotics transactions between Britt and the cooperating witness, and during the month leading up to the controlled purchased, the plaintiff was hospitalized at Yale New Haven Hospital.  Id. at ¶ 4.

On the day of the purchase, Pettigrew, the cooperating witness, entered Britt's apartment equipped with audio and video surveillance devices to surveil any transaction with Britt.[3]  2d Am. Compl. at ¶ 5.  The officers did not have a search warrant or probable cause to surveil Britt in his apartment.  Id. at ¶ 8.

---

[3] In the initial complaint, Britt alleged that "Defendant 2" entered his apartment

On November 16, 2015, the New Haven Police Department ("NHPD") secured an arrest warrant for Britt and arrested him based on their false allegations regarding narcotics activity in his apartment and their unlawful surveillance. 2d Am. Compl. at ¶ 9. As a result of the unlawful arrest, Britt's landlord evicted him from the apartment,[4] and he lost medical and "SNAP" benefits[5] from the state of Connecticut. Id. at ¶¶ 10-11. Britt was also unable to follow up on a social security disability claim that had been pending at the time. Id. at ¶ 11. The loss of medical and SNAP benefits prevented Britt from receiving his mental health medication and caused him to suffer from mental anguish and malnutrition. Id. at ¶¶ 12-14.

On August 2, 2017, a Connecticut Superior Court judge dismissed the charges that arose from the controlled narcotics purchase.[6] 2d Am. Compl. at ¶ 16. As a result

---

and made the controlled purchase. Compl. ¶ 6. The court interpreted "Defendant 2" to be one of the unidentified New Haven police officers. Britt now alleges that it was the cooperating witness who made the purchase.

[4] Britt has filed a separate complaint against his landlord for evicting him without cause. Britt v. Elm City Communities, No. 3:17-CV-2159. That case is currently pending in this court.

[5] The Supplemental Nutrition Assistance Program ("SNAP") is a government program that helps eligible individuals and families afford the cost of food at supermarkets, grocery stores, and farmers' markets. SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM, OVERVIEW, http://portal.ct.gov/dss/SNAP/Supplemental-Nutrition-Assistance-Program---SNAP.

[6] In his initial complaint, Britt provided the following citation for his criminal case in state court: State v. Britt, No. N23N-CR17-0177357-S (Conn. Super. Ct. Aug. 2, 2017). Compl. ¶ 16. A review of that case's docket report showed that Britt was convicted of possession of narcotics with intent to sell, in violation of CONN. GEN. STAT. § 21a-277(a), and was sentenced to seven years of incarceration, execution suspended

of the alleged constitutional violations, Britt has suffered mental anguish, drug abuse, malnutrition, and loss of personal property. Id. at ¶ 17.

On October 24, 2017, Britt filed a Complaint against the officers with the NHPD Interval Affairs Division. 2d Am. Compl. at ¶ 16. In response, NHPD Sergeant Wolcheski wrote that the surveillance of his apartment had been authorized by the State's Attorney's Office and was reasonable because the investigation began outside the apartment in the public domain. Pl.'s Ex. D (Doc. No. 16 at 25). Wolcheski also noted that the arrest from the controlled purchase was indeed "nolled"[7] in court, but the dismissal of the charges does not constitute a finding that the officers "did anything wrong." Id. Thus, the Internal Affairs Division found Britt's complaint "unfounded." Id.

III. Analysis

Through his Second Amended Complaint, Britt seeks to reinstate his claim against Pettigrew, the individual who assisted the NHPD in the controlled purchase. He

---

after two years, and four years of probation. Thus, Britt's narcotics conviction appeared to conflict with his allegation that the state dismissed the charges stemming from the controlled narcotics purchase in his apartment. In his second amended complaint, Britt cites a different case: State v. Britt, No. N23N-CR15-0162312-S. Pl.'s Ex. C (Doc. No. 16 at 24). The docket report from that case shows that Britt pleaded not guilty to two separate narcotics charges and two failure to appear charges. Id.

[7] "A nolle prosequi is a 'unilateral act by a prosecutor, which ends the pending proceedings without an acquittal and without placing the defendant in jeopardy.'" Roberts v. Babkiewicz, 582 F.3d 418, 420 (2d Cir. 2009) (quoting Cislo v. City of Shelton, 240 Conn. 590, 599 (1997)). "Under Connecticut law, a nolle prosequi terminates the prosecution, but the prosecuting authority is permitted to initiate a new action against the defendant within the statute of limitations. . . Criminal charges that have been nolled are erased thirteen months after entry of the nolle prosequi." Id. (citations omitted).

also seeks to reinstate his malicious prosecution claim against all defendants and add more claims for injunctive relief against them in their official capacities. The court will reinstate the malicious prosecution claim, but the claim against the cooperating witness and the claims for injunctive relief will remain dismissed.

    A.    <u>Cooperating Witness</u>

In its Initial Review Order, the court dismissed Britt's claim against the cooperating witness because, "[a]side from alleging that the witness assisted the police in carrying out the narcotics purchase, [he] d[id] not allege any facts that the witness knowingly provided false information or participated in any decisions to search and/or arrest him unlawfully." Initial Review Order at 7. In his second amended complaint, Britt makes several legal arguments that Pettigrew "knowingly and willingly conspired" with the NHPD, acted as their agent, and "functioned as if he were a full-time employee." 2d Am. Compl. at ¶ 6. These conclusory allegations do not cure the factual deficiency of the initial compliant. There are no facts suggesting that Pettigrew, a private citizen, conspired with the NHPD or did anything other than make the controlled purchase. The substance of the Fourth Amendment claim is the decision to conduct the operation without a warrant or probable cause. There are no facts showing that Pettigrew had any involvement in that decision. Therefore, the claim against Pettigrew, the cooperating witness, remains dismissed.

    B.    <u>Malicious Prosecution</u>

The court dismissed Britt's malicious prosecution claim because the criminal

case citation, which he cited in his initial Complaint, showed that his criminal case did not terminate in his favor. Initial Review Order at 5-6 (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)). The docket report from that case showed that Britt pleaded guilty to the sale of narcotics. Id. at 6. Furthermore, the court found that Britt had three other active cases in state court, all of which terminated in pleas of guilty. Id.

In his Second Amended Complaint Britt presented evidence that one of his cases included other charges which were later dismissed. Pl.'s Ex. C (Doc. No. 16 at 24). Those charges stemmed from the narcotics sale on October 7, 2015. Id. He also presented a response from the Internal Affairs Division stating that the narcotics charges stemming from the controlled purchase were nolled. Pl.'s Ex. D.

In Connecticut, "a nolle prosequi satisfies the 'favorable termination' element [of a malicious prosecution claim] as long as the abandonment of the prosecution was not based on an arrangement with the defendant."[8] Roberts v. Babkiewicz, 582 F.3d 418, 421 (2d Cir. 2009). Here, there is no evidence that Britt's case was nolled as part of any plea bargain. Thus, based on this new information, the court will reinstate the malicious prosecution claim and allow it to proceed against the newly named NHPD defendants: Monk, Bruckhart, Criscuolo, Werner, and Katz.

C. Allegations Against Sergeant Wolcheski

In the body of his second amended complaint, Britt appears to be raising a

---

[8] The court looks to Connecticut law because, "[i]n the absence of federal common law, the merits of a claim for malicious prosecution under § 1983 are governed by state law." Dufort v. City of New York, 874 F.3d 338, 350 (2d Cir. 2017).

7

supervisory liability claim against Sergeant Wolcheski, the Internal Affairs investigator. 2d Am. Compl. at ¶ 16. Wolcheski is not listed as a defendant to the action in the case caption or in the section labeled "Defendants" in the second amended complaint. Thus, any claim against him would be in violation of Federal Rule of Civil Procedure 10.[9] Nevertheless, Britt's allegations do not support a claim of supervisory liability.

"It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); see also Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of respondeat superior does not suffice for claim of monetary damages under § 1983). A plaintiff who sues a supervisory official for monetary damages must allege that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. Wright, 21 F.3d at 501; Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003).

---

[9] Rule 10 provides, in pertinent part, that "[t]he title of a complaint must name all the parties . . ."

Here, there are no allegations that Wolcheski had any involvement in the controlled purchase at Britt's apartment or the subsequent arrest. The only plausible basis for a claim of supervisory liability is that he failed to remedy the alleged constitutional violations through Britt's Internal Affairs complaint. However, the fact that Wolcheski disagreed with Britt's claims that the NHPD officers conducted an unlawful search and arrest is not sufficient to attribute unconstitutional conduct to Wolcheski. See Simpson v. Denardo, No. 3:02-cv-1471 (MRK), 2004 WL 1737444, *6 (D. Conn. 2004) (fact that plaintiff may not like results of Internal Affairs investigation insufficient to establish personal involvement in alleged constitutional violation), overruled on other grounds, Spak v. Phillips, 857 F.3d 458 (2d Cir. 2017); see also Barry v. New York City Police Dept., No. 01-civ-10627 (CBM), 2004 WL 758299, *16 (S.D.N.Y. Apr. 7, 2004) (rejecting claim against Internal Affairs investigator for lack of personal involvement). Contrary to what Britt alleges, Wolcheski's written response does not show that he created an unconstitutional policy which the NHPD officers followed when conducting the search and Britt's arrest. Thus, the court concludes that Britt has failed to state a supervisory liability claim against Wolcheski.

D. Claims for Injunctive Relief

Britt seeks to add the following claims for injunctive relief against the defendants in their official capacities: (a) an order "that each defendant be restrained from executing the policies . . . as detailed by Sgt. Wolcheski (NHPD) in Exhibit D;" (b) an order "that each defendant be restrained from retaliation of any kind against [him];" (c) termination of the defendants from the NHPD; and (d) criminal prosecution of the

defendants.  2d Am. Compl. at 14.  The first claim for injunctive relief cannot proceed because Britt has failed to state a plausible claim that the "policy" as explained by Wolcheski was unconstitutional.  As for the second claim, there are no allegations that the defendants have taken, or are likely to take, retaliatory action against Britt.  Finally, this court lacks authority to order the termination or criminal prosecution of the defendants.  <u>See</u> Initial Review Order at 7 (citing <u>R.S. v. D.</u>, 410 U.S. 614, 619 (1973) and <u>Osuch v. Gregory</u>, 303 F. Supp.2d 189, 194 (D. Conn. 2004)).  Thus, Britt's claims for injunctive relief are dismissed.

## ORDERS

(1) Britt's Fourth Amendment claims for an unreasonable search and malicious prosecution may proceed against Monk, Bruckhart, Criscuolo, Werner, and Katz in their individual capacities for damages.  The court requests that the Corporation Counsel for the City of New Haven, 165 Church Street, Suite 441, New Haven, CT 06510, ascertain the current business addresses of these defendants and notify the court of its findings by July 20, 2018.  The Clerk is directed mail one copy of this Order, the Second Amended Complaint (Doc. No. 16), and the Initial Review Order (Doc. No. 14) to the Corporation Counsel's office at the aforementioned address.  If counsel for the City of New Haven provides the requested information, the court will order the clerk's office to effect service.

(2) The claims against Pettigrew and Wolcheski and the claims for injunctive relief are DISMISSED.

**SO ORDERED** this 29th day of June 2018 at New Haven, Connecticut.


          /s/ Janet C. Hall
Janet C. Hall
United States District Judge